UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAVID MATIAS LOPEZ, MYNOR ISMAEL TOMAS PEREZ, NOE ARNOLDO LOPEZ MIRANDA, CAMELIO JEREMIAS MATIAS LOPEZ, ELMAR ALEJANDRO MATIAS LOPEZ, and MELVIN JOSIEAS TEMA TEMA, individually and on behalf of all others similarly situated,

                              Plaintiffs,

        -against-

INTERNATIONAL DRYWALL, INC. and JUAN DIAZ LEMUS, as an individual,

                              Defendants,
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiffs, **DAVID MATIAS LOPEZ, MYNOR ISMAEL TOMAS PEREZ, NOE ARNOLDO LOPEZ MIRANDA, CAMELIO JEREMIAS MATIAS LOPEZ, ELMAR ALEJANDRO MATIAS LOPEZ, and MELVIN JOSIEAS TEMA TEMA, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiff"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **DAVID MATIAS LOPEZ, MYNOR ISMAEL TOMAS PEREZ, NOE ARNOLDO LOPEZ MIRANDA, CAMELIO JEREMIAS MATIAS LOPEZ, ELMAR ALEJANDRO MATIAS LOPEZ, and MELVIN JOSIEAS TEMA TEMA, individually and on behalf of all others similarly situated**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **INTERNATIONAL DRYWALL, INC. and JUAN DIAZ LEMUS, as an individual, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants at **INTERNATIONAL**

1

**DRYWALL, INC.,** located at 7 Roosevelt Street, Brentwood, NY, 11717. Plaintiffs performed work for the Defendants at the following locations, hereinafter referred to as the "Job Sites": 144-04 226 St.,, Springfield Gardens, Queens, NY 11413, 1401 60th St., Brooklyn, NY 11219 and in Hoyt Street, Brooklyn, NY 11217.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff DAVID MATIAS LOPEZ residing at College Point, NY 11356 was employed by Defendants from in or around December 2021 until in or around January 2022.

9. Plaintiff MYNOR ISMAEL TOMAS PEREZ residing at College Point, NY 11356 was employed by Defendants from in or around December 2021 until in or around January 2022.

10. Plaintiff NOE LOPEZ ARNOLDO residing at Queens, NY 11354 was employed by Defendants from in or around December 2021 until in or around January 2022

11. Plaintiff CAMELIO MATIAS TEREMIAS LOPEZ residing at College Point, NY 11356 was employed by Defendants from in or around December 2021 until in or around January 2022.

12. Plaintiff ELMAR ALEJANDRO MATIAS LOPEZ residing at College Point, NY 11356 was employed by Defendants from in or around December 2021 until in or around January 2022

13. Plaintiff MELVIN JOSIEAS TEMA TEMA residing at College Point, NY 11356 was employed by Defendants from in or around December 2021 until in or around January 2022.

14. Defendant INTERNATIONAL DRYWALL, INC., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 7 Roosevelt Street, Brentwood, NY, 11717.

15. Defendant, INTERNATIONAL DRYWALL, INC., is a corporation duly authorized to do business under the laws of the State of New York.

16. Upon information and belief, Defendant JUAN DIAZ LEMUS is the owner of corporate Defendant, INTERNATIONAL DRYWALL, INC.

17. Upon information and belief, JUAN DIAZ LEMUS is an agent of INTERNATIONAL DRYWALL, INC.

18. Upon information and belief, JUAN DIAZ LEMUS is responsible for overseeing all daily operations of the Defendant's business at INTERNATIONAL DRYWALL, INC.

19. Upon information and belief JUAN DIAZ LEMUS has power and authority over all the final personnel decisions of INTERNATIONAL DRYWALL, INC.

20. Upon information and belief, JUAN DIAZ LEMUS has the power and authority over all final payroll decisions of INTERNATIONAL DRYWALL, INC., including the Plaintiffs.

21. Upon information and belief, JUAN DIAZ LEMUS has the exclusive final power to hire the employees of INTERNATIONAL DRYWALL, INC., including the Plaintiffs.

22. Upon information and belief, JUAN DIAZ LEMUS has exclusive final power over the firing and terminating of the employees of INTERNATIONAL DRYWALL, INC., including the Plaintiffs.

23. Upon information and belief, JUAN DIAZ LEMUS is responsible for determining, establishing, and paying the wages of all employees of INTERNATIONAL DRYWALL, INC., including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

24. Accordingly, at all relevant times hereto, Defendant JUAN DIAZ LEMUS was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

25. At all times relevant to the allegations contained in the complaint, INTERNATIONAL DRYWALL, INC. was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that INTERNATIONAL DRYWALL, INC., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
## DAVID MATIAS LOPEZ

26. Plaintiff DAVID MATIAS LOPEZ was employed by Defendant International Drywall, Inc., as a drywall installer while also performing related miscellaneous duties for the Defendants, from in or around December 2021 until in or around January 2022.

27. Plaintiff regularly worked six (6) days per week during his employment with the Defendants.

28. Plaintiff DAVID MATIAS LOPEZ regularly worked a schedule of shift beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, six (6) days per week from in or around December 2021 until in or around January 2022.

29. Thus, Plaintiff was regularly required to work approximately fifty-one (51) hours, or more hours, each week from in or around December 2021 until in or around January 2022.

30. Plaintiff DAVID MATIAS LOPEZ was paid by Defendants a flat daily rate of approximately $200.00 per day without regard for the number of hours worked from in or around December 2021 until in or around January 2022.

31. Although Plaintiff regularly worked approximately fifty-one (51) hours or more per week from in or around December 2021 until in or around January 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours

regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### MYNOR ISMAEL TOMAS PEREZ

32. Plaintiff MYNOR ISMAEL TOMAS PEREZ was employed by Defendant International Drywall, Inc., as a drywall installer while also performing related miscellaneous duties for the Defendants, from in or around December 2021 until in or around January 2022.

33. Plaintiff regularly worked six (6) days per week during his employment with the Defendants.

34. Plaintiff MYNOR ISMAEL TOMAS PEREZ regularly worked a schedule of shift beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, six (6) days per week from in or around December 2021 until in or around January 2022.

35. Thus, Plaintiff was regularly required to work approximately fifty-one (51) hours, or more hours, each week from in or around December 2021 until in or around January 2022.

36. Plaintiff MYNOR ISMAEL TOMAS PEREZ was paid by Defendants a flat daily rate of approximately $180.00 per day without regard for the number of hours worked from in or around December 2021 until in or around January 2022.

37. Although Plaintiff regularly worked approximately fifty-one (51) hours or more per week from in or around December 2021 until in or around January 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### NOE ARNOLDO LOPEZ MIRANDA

38. Plaintiff NOE ARNOLDO LOPEZ MIRANDA was employed by Defendant International Drywall, Inc., as a drywall installer while also performing related miscellaneous duties for the Defendants, from in or around December 2021 until in or around January 2022.

39. Plaintiff regularly worked six (6) days per week during his employment with the Defendants.

40. Plaintiff NOE ARNOLDO LOPEZ MIRANDA regularly worked a schedule of shift beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, six (6) days per week from in or around December 2021 until in or around January 2022.

41. Thus, Plaintiff was regularly required to work approximately fifty-one (51) hours, or more hours, each week from in or around December 2021 until in or around January 2022.

42. Plaintiff NOE ARNOLDO LOPEZ MIRANDA was paid by Defendants a flat daily rate of approximately $180.00 per day without regard for the number of hours worked from in or around December 2021 until in or around January 2022.

43. Although Plaintiff regularly worked approximately fifty-one (51) hours or more per week from in or around December 2021 until in or around January 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### CAMELIO JEREMIAS MATIAS LOPEZ

44. Plaintiff CAMELIO JEREMIAS MATIAS LOPEZ was employed by Defendant International Drywall, Inc., as a drywall and sheetrock installer while also performing related miscellaneous duties for the Defendants, from in or around December 2021 until in or around January 2022.

45. Plaintiff regularly worked six (6) days per week during his employment with the Defendants.

46. Plaintiff CAMELIO JEREMIAS MATIAS LOPEZ regularly worked a schedule of shift beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, six (6) days per week from in or around December 2021 until in or around January 2022.

47. Thus, Plaintiff was regularly required to work approximately fifty-one (51) hours, or more hours, each week from in or around December 2021 until in or around January 2022.

48. Plaintiff CAMELIO JEREMIAS MATIAS LOPEZ was paid by Defendants a flat daily rate of approximately $200.00 per day without regard for the number of hours worked from in or around December 2021 until in or around January 2022.

49. Although Plaintiff regularly worked approximately fifty-one (51) hours or more per week from in or around December 2021 until in or around January 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### ELMAR ALEJANDRO MATIAS LOPEZ

50. Plaintiff ELMAR ALEJANDRO MATIAS LOPEZ was employed by Defendant International Drywall, Inc., as a sheet rock installer while also performing related miscellaneous duties for the Defendants, from in or around December 2021 until in or around January 2022.

51. Plaintiff regularly worked six (6) days per week during his employment with the Defendants.

52. Plaintiff ELMAR ALEJANDRO MATIAS LOPEZ regularly worked a schedule of shift beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, six (6) days per week from in or around December 2021 until in or around January 2022.

53. Thus, Plaintiff was regularly required to work approximately fifty-one (51) hours, or more hours, each week from in or around December 2021 until in or around January 2022.

54. Plaintiff ELMAR ALEJANDRO MATIAS LOPEZ was paid by Defendants a flat daily rate of approximately $200.00 per day without regard for the number of hours worked from in or around December 2021 until in or around January 2022.

55. Although Plaintiff regularly worked approximately fifty-one (51) hours or more per week from in or around December 2021 until in or around January 2022, the

Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### **MELVIN JOSIEAS TEMA TEMA**

56. Plaintiff MELVIN JOSIEAS TEMA TEMA was employed by Defendant International Drywall, Inc., as a drywall installer while also performing related miscellaneous duties for the Defendants, from in or around December 2021 until in or around January 2022.

57. Plaintiff regularly worked six (6) days per week during his employment with the Defendants.

58. Plaintiff MELVIN JOSIEAS TEMA TEMA regularly worked a schedule of shift beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, six (6) days per week from in or around December 2021 until in or around January 2022.

59. Thus, Plaintiff was regularly required to work approximately fifty-one (51) hours, or more hours, each week from in or around December 2021 until in or around January 2022.

60. Plaintiff MELVIN JOSIEAS TEMA TEMA was paid by Defendants a flat daily rate of approximately $180.00 per day without regard for the number of hours worked from in or around December 2021 until in or around January 2022.

61. Although Plaintiff regularly worked approximately fifty-one (51) hours or more per week from in or around December 2021 until in or around January 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### **DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS**

62. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

63. Furthermore, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
64. Additionally, Defendants willfully failed to provide Plaintiffs with a written notice, in English, of their applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).
65. Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of their wages, as required by NYLL §195(3).
66. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

67. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."
68. Collective Class: All persons who are or have been employed by the Defendants as drywall installers and sheet rock installers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.
69. Upon information and belief, Defendants employed approximately 10 employees or more during the relevant statutory period who Defendants subject(ed) to similar payment structures that violate applicable law.
70. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.
71. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.
72. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

9

73. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.
74. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
75. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
76. The claims of Plaintiff are typical of the claims of the whole putative class.
77. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
78. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
80. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
81. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
82. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of
29 U.S.C. §§206(a) and 207(a).

83. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
84. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
85. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

86. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
87. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
88. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
89. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

90. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

91. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

92. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

93. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

94. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

95. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs unpaid overtime wages;
c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiffs prejudgment and post-judgment interest;
e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
f. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:   November 17, 2022
        Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID MATIAS LOPEZ, MYNOR ISMAEL TOMAS PEREZ, NOE ARNOLDO LOPEZ MIRANDA, CAMELIO JEREMIAS MATIAS LOPEZ, ELMAR ALEJANDRO MATIAS LOPEZ, and MELVIN JOSIEAS TEMA TEMA, individually and on behalf of all others similarly situated,

         Plaintiffs,

 -against-

INTERNATIONAL DRYWALL, INC. and JUAN DIAZ LEMUS, as an individual,

         Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To: service via mailing;

**INTERNATIONAL DRYWALL, INC. (DOS ID# 5048027)**
7 Roosevelt Street
Brentwood NY, 11717

**JUAN DIAZ LEMUS**
7 Roosevelt Street
Brentwood, NY, 11717

30 McGowan Ln
Central Islip, NY 11722